UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBIN B., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01376-SEB-TAB |
| | ) |
| ANDREW M. SAUL Commissioner of the Social Security Administration, | ) ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S REQUEST FOR REMAND**

**I.   Introduction**

Plaintiff Robin B. appeals the Social Security Administration's denial of her application for disability insurance benefits.  Plaintiff argues that the Administrative Law Judge failed to explain how a sedentary residual functional capacity accounts for Plaintiff's extreme pain from recurrent shingles, postherpetic neuralgia, and migraine headaches.  [Filing No. 18, at ECF p. 10.]  Furthermore, Plaintiff claims that the ALJ should have included limitations to account for time off task and absenteeism due to her migraines and persistent flare ups of chronic shingles symptoms.  As explained below, the ALJ's decision reflects a reasonable analysis of the objective medical evidence, in which no medical source opined that Plaintiff had greater limitations than the ALJ found.  Even so, the ALJ reasonably concluded that Plaintiff was *more* limited than the medical opinions in the record and included additional limitations accordingly.  Plaintiff's arguments ask the Court to re-weigh the evidence, which the Court cannot do.  Therefore, Plaintiff's request for remand [Filing No. 18] should be denied.

**II.     Background**

On August 1, 2016, Plaintiff filed a Title II application for a period of disability and disability insurance benefits.  The SSA denied her claim initially and upon reconsideration.  Following a hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled at the time of the decision.  First, the ALJ noted that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2017.  Next, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 28, 2013, the alleged onset date.  At step two, the ALJ determined that Plaintiff had the following severe impairments: right rotator cuff tears, status post two surgical repairs, history of gastric bypass, non-healing ulcer, status post gastrojejunal (GJ) revision, right carpal tunnel syndrome, status post release, recurrent shingles/postherpetic neuralgia, occipital neuralgia, and migraine headaches. [Filing No. 13-2, at ECF p. 20.]  The ALJ found that these medically determinable impairments significantly limited Plaintiff's ability to perform basic work activities as required by SSR 85-28.  Additionally, the ALJ noted that Plaintiff had the following non-severe impairments which the ALJ found had no more than a minimal effect on her ability to perform basic work activities: mild traumatic brain injury (TBI), hearing loss, vertigo, bronchitis, hypertension, high cholesterol, hypoglycemia, fibromyalgia, and vitamin B12 deficiency. [Filing No. 13-2, at ECF p. 20.]

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or her remaining ability to function despite her

2

limitations. The ALJ concluded that Plaintiff had the RFC to perform a sedentary work, as defined in 20 C.F.R. § 404.1567 and 416.967, with the following limitations:

> [O]ccasionally climbing of ramps or stairs; never climbing of ladders, ropes, or scaffolds; occasionally balancing, stooping, kneeling, and crouching; never crawling. Occasional overhead reaching with the right upper extremity. No exposure to concentrated wetness, humidity, extreme heat, cold, or vibration. Occasional exposure to pulmonary irritants, including dusts, fumes, odors, and gases. No exposure to unprotected heights or hazardous machinery. Moderate noise exposure.

[Filing No. 13-2, at ECF p. 22.]

The ALJ concluded at step four that Plaintiff is unable to perform any past relevant work. [Filing No. 13-2, at ECF p. 25.] The ALJ also noted that on the alleged disability onset date, Plaintiff was 40 years old (a younger individual), has at least a high school education, and is able to communicate in English. In addition, the ALJ found that transferability of job skills would not be a material issue to the determination of disability "because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled' whether or not [Plaintiff] has transferable job skills.". [Filing No. 13-2, at ECF p. 25.] Finally, at step five, the ALJ concluded that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as: assembler, packager, and sorter. [Filing No. 13-2, at ECF p. 26.] The ALJ concluded that Plaintiff was not disabled.

### III.     Discussion

Plaintiff argues that the ALJ erred by failing to account for Plaintiff's shingles and postherpetic symptoms of pain, as well as Plaintiff's chronic migraine headaches, in Plaintiff's RFC.  [Filing No. 18, at ECF p. 1.]  The Court reviews the ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence.  *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings . . . shall be conclusive if supported by substantial evidence."  (Internal quotation marks omitted)).  "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner.  Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled."  *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

#### A.     **Plaintiff's recurrent shingles outbreak, migraines, and complaints of pain**

Plaintiff argues that the ALJ's decision failed to account for Plaintiff's bouts of severe pain related to these impairments.  However, the ALJ directly acknowledged in his decision that Plaintiff suffered from these and other severe impairments.  [Filing No. 13-2, at ECF p. 20.]  In addition, the ALJ recognized Plaintiff's subjective complaints of her symptoms, including pain.  The ALJ recited Plaintiff's testimony that she is unable to work due to migraines and shingles outbreaks.  [Filing No. 13-2, at ECF p. 22.]  In addition, the ALJ referenced Plaintiff's testimony that she is sensitive to light, has 4-6 migraines a month lasting 2-3 hours, and suffers shingles outbreaks that cause tingling, burning, and numbness down her right leg.  [Filing No. 13-2, at ECF p. 23.]  The ALJ noted that Plaintiff indicated she sometimes has outbreaks in her mouth and at the top of her tailbone, and that the leg numbness affects her ability to walk and stand.

4

[Filing No. 13-2, at ECF p. 23.] But the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms to be inconsistent with the medical evidence. [Filing No. 13-2, at ECF p. 23.]

Plaintiff's only reference to evidence or a medical opinion that the ALJ allegedly ignored or improperly evaluated relates to the ALJ's analysis of Plaintiff's recurrent shingles outbreaks and associated pain. Plaintiff accuses the ALJ of taking of the issue of Plaintiff's painful recurrent shingles outbreaks "out of context." [Filing No. 18, at ECF p. 13.] Plaintiff notes that the ALJ referred to one note from November 2014, which discussed fewer skin eruptions. [Filing No. 13-2, at ECF p. 24 (citing Filing No. 13-8, at ECF p. 158).] Plaintiff argues that a full read of that record indicated Plaintiff still had skin eruptions and symptoms in both legs. [Filing No. 13-8, at ECF p. 158-59.] However, the ALJ's finding does not conflict with the record. Rather, the ALJ simply noted that Plaintiff reported improvement of her shingles outbreaks with medication and that despite her symptoms, EMG/NCV studies of the right lower extremity were normal. [Filing No. 13-2, at ECF p. 24.] Plaintiff claims "[a] negative finding on an EMG study can not be read to undermine postherpetic neuralgia[,]" but provides no citation or further support to this claim. [Filing No. 18, at ECF p. 13.] Furthermore, in this portion of the ALJ's decision that Plaintiff references, the ALJ acknowledged that Plaintiff's exams showed some mild abnormalities, including reduced sensation in her right thigh and mild difficulty standing on her right leg. [Filing No. 13-2, at ECF p. 24.]

Plaintiff claims that the ALJ mischaracterized Plaintiff's testimony about her shingles and that "[t]he record as outlined shows a five-year period wherein painful blisters were documented and or discussed at every neurology appointment." [Filing No. 18, at ECF p. 12.] However, Plaintiff provides no citations in support of this statement. The Commissioner argues that Dr.

5

Jesse Z. Li's records "do not reflect 'painful lesions' but rather unchanged exam findings of a rash on Plaintiff's back[.]"  [Filing No. 20, at ECF p. 16.]  Plaintiff takes issue with the Commissioner's inference that shingles lesions, blisters, and rush, recurrent for five years, should not be considered painful.  [Filing No. 23, at ECF p. 6.]  The Court does not discount Plaintiff's complaints of pain.  However, Plaintiff has not shown that the ALJ failed to reasonably consider Plaintiff's complaints before rendering the ALJ's decision.

Although the ALJ cannot ignore an entire line of contradictory evidence, the ALJ need not address every specific strand of evidence in the record.  *See, e.g., Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010) ("The ALJ need not, however, discuss every piece of evidence in the record and is prohibited only from ignoring an entire line of evidence that supports a finding of disability.").  *See also Gedatus v. Saul*, No. 20-1753, __ F.3d __, __, 2021 WL 1589329, at *6 (7th Cir. April 23, 2021) ("But if [the claimant] is complaining that the ALJ summarized the medical evidence, that is unavailing because summaries are appropriate.  And if she is complaining that the ALJ's summary was a partial summary of select evidence, that is equally unavailing because all summaries must be partial and selective. . . .  True, the ALJ's summary does not mention every detail.  But it need not."  (Internal citations omitted)).  Thus, the fact that the ALJ may not have specifically recited every statement in the medical record in the ALJ's decision does not warrant remand.

In relation to Plaintiff's migraine headaches and neck pain, Plaintiff generally notes that migraines are well established as "the type of impairment that can reasonably be expected to cause pain."  [Filing No. 13-2, at ECF p. 15.]  This generic statement, while generally true, does not provide a basis for finding that the ALJ failed to adequately account for Plaintiff's migraine headaches and associated pain in this decision.  Rather, the ALJ reasonably considered both the

6

medical evidence and Plaintiff's subjective reports regarding her headaches. As stated above, the ALJ discussed Plaintiff's testimony regarding migraines that occurred four to six times a month, lasting a few hours, that caused her to be sensitive to light. [Filing No. 13-2, at ECF p. 23.] In addition, the ALJ noted:

> [P]laintiff did receive numerous injections throughout 2013, but had no further injections until January 2017, indicating that her radiofrequency ablation in 2014 was successful. The record reflects only one emergency room (ER) visit for headache, which occurred in February 2017. During this time, [Plaintiff] acknowledged that her headaches had increased since she had not been taking Imitrx "for a while[.]" She reported improvement in her headaches with Sumatriptan, and in July 2018, she stated that she woke up with headaches a couple times a week, which only lasted a couple of hours.

[Filing No. 13-2, at ECF p. 24.] Plaintiff's main argument that the ALJ erred in this portion of the ALJ's decision is that the ALJ failed to address Plaintiff's testimony that her Imitrex medication made her sick to her stomach. [Filing No. 18, at ECF p. 16.] Once again, however, it is not error for the ALJ's recitation of the record evidence to be less than verbatim. After considering Plaintiff's testimony and medical records, the ALJ reasonably determined that despite her impairments, Plaintiff remained capable of a reduced range of sedentary work. The ALJ properly addressed Plaintiff's alleged symptoms, including pain, and the ALJ's decision was supported by substantial evidence.

### B. Absenteeism and time off task

Plaintiff further argues that the ALJ erred in not including within the RFC the likelihood that she would miss work or be off task due to her headaches, shingles outbreaks, and postherpetic neuralgia. Plaintiff contends that the persistent outbreaks of shingles blisters in her tailbone area, as well as the persistent unresolved postherpetic neuralgia pain, interfere with Plaintiff's ability to sit. [Filing No. 18, at ECF p. 14.] In addition, concerning her migraine headaches, Plaintiff contends that "[a]ny reasonable limitation related to the migraine headaches

7

would likely direct a finding of disability." [Filing No. 18, at ECF p. 16.] However, Plaintiff does not cite to any evidence, other than her subjective symptoms, supporting her claim that the ALJ should have included further limitations.[1] Plaintiff is not arguing that the ALJ failed to consider evidence; rather, she's arguing that the ALJ improperly weighed the evidence. As already noted, it is not the role of the Court to re-weigh the evidence. So long as the ALJ's findings are supported by substantial evidence, the Court must uphold the ALJ's decision. *See, e.g., Biestek*, __ U.S. at __, 139 S. Ct. at 1153.

Plaintiff also takes vague issue with the state agency medical consultants, noting that the consultants will "address functional limitations in the early phases of the disability evaluation" but do not address logical issues of absenteeism and the impact of pain on a claimant's ability to work. [Filing No. 23, at ECF p. 2.] In support, Plaintiff references *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018), in which the Seventh Circuit noted that "[a]n ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." [Filing No. 23, at ECF p. 2.] However, Plaintiff does not directly reference any later evidence that the reviewing physicians did not have or that the ALJ failed to discuss in this case.

Plaintiff cannot point to any medical opinion in the record to support her claim that the ALJ should have included additional limitations to account for absences and time off work. Furthermore, in addition to the medical evidence noted, the ALJ also considered Plaintiff's daily

---

[1] Plaintiff claims that the ALJ failed to confront Plaintiff's testimony that she would have difficulty sitting due to the pain in her leg and that she had to keep shifting in moving, which Plaintiff argues "is consistent with the treatment records of Dr. Li." [Filing No. 18, at ECF p. 14.] However, Plaintiff provides no citation in support of this sentence, which leaves the Court with nothing to review. Moreover, as noted above, the ALJ recited Plaintiff's testimony regarding her shingles outbreaks, including the impact on her legs, the need to shift positions constantly, and that it impacts her ability to walk and stand. [Filing No. 13-2, at ECF p. 23.]

activities, including taking care of her dog, driving, laundry, watching television, and some cooking. [Filing No. 13-2, at ECF p. 22, 23.] Plaintiff does not raise any arguments in relation to the ALJ's assessment of her daily activities. While Plaintiff would have preferred to have the ALJ accept her allegations without question and conclude that she would miss work or be off task due to her headaches or shingles outbreaks, the ALJ was not obligated to do so. Instead, the ALJ reasonably reviewed the entirety of Plaintiff's medical record and testimony before determining that Plaintiff remained capable of a range of sedentary work. Thus, Plaintiff's request for remand should be denied.

### IV.     Conclusion

The ALJ considered the objective medical evidence and Plaintiff's reports regarding her symptoms related to her recurrent shingles, postherpetic neuralgia, and chronic headaches, and found Plaintiff remained capable of sedentary work. This finding is above and beyond any limitations suggested by medical sources in the record, as the ALJ reasonably found Plaintiff more limited than the medical opinions in the record. The ALJ's decision is supported by substantial evidence. For these reasons, Plaintiff's request for remand [Filing No. 18] should be denied.

Any objection to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 5/11/2021

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email