UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBIN B., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01376-SEB-TAB |
| ) | |
| KILOLO KIJAKAZI, *Acting Commissioner* ) | |
| *of Social Security*, ) | |
| ) | |
| Defendant. ) | |

**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding Plaintiff Robin B.[1] not entitled to Disability Insurance Benefits. This case was referred to Magistrate Judge Baker for initial consideration. On May 11, 2021, Magistrate Judge Baker issued a report and recommendation that the Commissioner's decision finding Robin B. not disabled be affirmed. This cause is now before the Court on Robin B.'s Objection to the Magistrate Judge's Report and Recommendation [Dkt. 25].

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and the Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

## **Standard of Review**

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart,* 384 F.3d 363, 368–369 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the decision of the Administrative Law Judge ("ALJ") we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and need not accept any portion as binding; the court may, however, defer to those

conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009). We have followed those guidelines in conducting this review.

## **Discussion**[2]

Robin B. filed for disability on August 1, 2016, alleging that she can no longer work primarily because of injuries originally stemming from a head injury incurred at her former place of employment. Plaintiff claims that the ALJ erred in two ways: (1) by failing to explain how a residual functional capacity for a restricted range of sedentary work accounts for her extreme pain resulting from recurrent shingles, postherpetic neuralgia, and migraines, and (2) by failing to include limitations to account for time off task and absenteeism due to her migraines and persistent flare ups of chronic shingles symptoms. The Magistrate Judge, in a thorough and well-reasoned report, addressed each of Plaintiff's arguments, concluding that substantial evidence supports the ALJ's opinion, and that remand is not warranted. Plaintiff objects to the Magistrate's report, arguing that the ALJ failed to fully explain how Plaintiff can realistically perform a restricted range of sedentary work while suffering from chronic pain and migraines.

The arguments presented in Plaintiff's Objection to the Magistrate Judge's Report and Recommendation raise and reiterate the same arguments and evidence that were considered and rejected by both the ALJ and the Magistrate Judge. In essence, Plaintiff's objections ask us to reweigh the medical evidence to more adequately account for

---

[2] Because the facts are sufficiently outlined in the ALJ's opinion and the parties' briefing, we need not and do not reiterate them in full here.

Plaintiff's alleged pain and symptoms. However, as the Magistrate Judge recognized, it is beyond the court's purview to reweigh the medical evidence on judicial review. *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Plaintiff's disagreement with the result does not justify a remand where, as here, each of her arguments was clearly considered by the ALJ, the ALJ's decision was supported by substantial medical evidence, and a logical bridge connected the evidence presented in the record to the ALJ's final decision. Thus, having reviewed *de novo* the Magistrate Judge's analysis and conclusions, we hold, for the same reasons set forth in his report, which we adopt and with which we entirely concur both as to the cited authorities and related analysis, that none of the assignments of error raised by Plaintiff meets the legal standard required to justify remand.

  Accordingly, we find that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge lack merit. Therefore, Plaintiff's objections are OVERRULED and the recommendations set forth in the Magistrate Judge's Report and Recommendation are hereby adopted in their entirety. Final judgment shall enter in favor of Defendant and against Plaintiff.

  IT IS SO ORDERED.

Date: _____8/18/2021_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brian J. Alesia
OFFICE OF REGIONAL CHIEF COUNSEL FOR SOCIAL SECURITY
brian.alesia@ssa.gov

Erin Leigh Brechtelsbauer
SOCIAL SECURITY ADMINISTRATION
erin.brechtelsbauer@ssa.gov

Donato John Latrofa
SOCIAL SECURITY ADMINISTRATION
donato.latrofa@ssa.gov

Annette Lee Rutkowski
LAW OFFICE OF ANNETTE RUTKOWSKI LLC
Annetter@AnnetteAtty.com

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov